Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
Eran S. Forster
Nevada State Bar No. 11124
eforster@gmail.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Tatiana Jose

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TATIANA JOSE<br><br>    Plaintiff,<br><br>vs.<br><br>PROCARE PHARMACY CARE, LLC, a Florida Limited Liability Company; PROCARE PHARMACY BENEFIT MANAGER, INC.; and DOES 1-100 and ROES 1-100.<br>    Defendants. | Case No.:  2:19-cv-00779<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Tatiana Jose (herein "Plaintiff") and files this civil action against Defendants, and each of them, for violations of the Americans with Disabilities Act of 1990 (42 U.S.C. §§12112 et seq.); Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.); Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 et seq.); and Nevada Revised Statutes §§ 613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

//
//
//
//
//
//

# JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §2000e-5(f)(3), which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. The jurisdiction of this Court is also invoked under 42 U.S.C. §§ 1981 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 706 of Title VII, 42 U.S.C. §2000e 5(f)(3), have occurred or been complied with:

   a. A charge of employment discrimination was filed with the Nevada Equal Rights Commission ("NERC") within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein.

   b. A Notice of Right to Sue in Federal Court was received from the Equal Employment Opportunities Commission ("EEOC"), dated February 5, 2019. (A true and correct copy of said letter is attached and incorporated herein as Exhibit 1.).

6. Plaintiff initiated this action within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

//

## PARTIES

### PLAINTIFF

1. Plaintiff, TATIANA JOSE (hereinafter "PLAINTIFF"), was a qualified/eligible "employee" of Defendant, PROCARE PHARMACY CARE, LLC, within the meaning of the Americans with Disabilities Act of 1990 (42 U.S.C. §§12112 *et seq*.) (hereinafter, "ADA"); 42 U.S.C. §2000e(f); 29 CFR 825.110; Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq*.) (collectively, "Title VII");  and related claims under Nevada law.

### DEFENDANTS

2. Defendant, PROCARE PHARMACY CARE, LLC, is a Florida Limited Liability Company qualified to do business in Nevada and employs 50 or more employees.

3. Defendant, PROCARE PHARMACY BENEFIT MANAGER, INC., is a Florida Corporation qualified to do business in Nevada and employs 50 or more employees.

4. PROCARE PHARMACY CARE, LLC.  and PROCARE PHARMACY BENEFIT MANAGER, INC. (collectively, "PROCARE") are Plaintiff's employer and PROCARE is an "employer" within the meaning of Title VII, the American with Disabilities Act, and related claims under Nevada law. PROCARE has offices located at 7660 S. Dean Martin Dr. #203, Las Vegas, NV 89139.

5. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

6. PROCARE and DOES 1 through 50 (collectively, "DEFENDANTS") are the named defendants in this action.

//
//
//

**STATEMENT OF FACTS**

7. Plaintiff was hired by PROCARE on or about January 26, 2015, as a Customer Service Representative.

8. During Plaintiff's employment, Plaintiff had a Hispanic manager named Olga Falcon (hereinafter, "Manager").

9. Plaintiff's Manager favored Hispanic employees over non-Hispanic employees.

10. Plaintiff's manager talked down and berated non-Hispanic employees, including Plaintiff, but wouldn't do so towards Hispanic employees.

11. Plaintiff's Manager was more accommodating with Hispanic employees' work schedules. Plaintiff's Manager also hid job promotions from non-Hispanics, including Plaintiff, and refused to consider Plaintiff and other non-Hispanic employees for job promotions.

12. Plaintiff was in a car accident on or about February 1, 2018.

13. Plaintiff suffered from migraine headaches. After February 1, 2018, Plaintiff's migraine headaches became more severe. Plaintiff's migraine headaches were aggravated and sometimes triggered by bright lights. This required Plaintiff to have dim lights surrounding her work area.

14. Plaintiff worked in a cubicle in an office space with multiple rows of cubicles. Each cubicle had overhead florescent lights. Plaintiff had florescent lights over her cubicle. The middle rows of cubicles did not have working florescent lights and a few of the cubicles were not occupied by employees at the time.

15. Plaintiff requested for an accommodation because of her car accident requesting that she is moved to one of the empty cubicles that did not have florescent lights. Instead, Plaintiff was told to purchase light blockers at her own expense. Plaintiff's financial situation did not allow her to make this purchase.

16. Plaintiff made numerous requests to be moved to the middle rows of cubicles as a reasonable accommodation but Plaintiff's requests kept getting denied.

17. Instead of granting Plaintiff with a reasonable accommodation, PROCARE required Plaintiff to take nonpaid FMLA medical leave when Plaintiff's symptoms flared.

18. Plaintiff had an attorney for her car accident. Plaintiff's attorney reached out to PROCARE about obtaining a reasonable accommodation.

19. PROCARE immediately terminated Plaintiff for seeking advice of an attorney regarding her accommodation and for requesting an accommodation.

20. PROCARE would not have terminated Plaintiff if she was of a Hispanic Race and/or National Origin.

## COUNT I

## DISABILITY DISCRIMINATION - DISPARATE TREATMENT

**Americans with Disabilities Act (42 U.S.C. §§12112 – 12117)**

**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**

**NV Rev. Stat. § 613.330 *et seq.*; NV Rev. Stat. § 613.4383**

**(PROCARE AND DOES 1-50, inclusive.)**

21. Plaintiff hereby incorporates paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. Plaintiff's migraine headaches qualify as a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

23. Plaintiff was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. At all times during her employment, Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

//

24. PROCARE failed to initiate and/or engage in good faith the interactive process with Plaintiff to determine what reasonable accommodations would apply to enable PLAINTIFF to work.

25. Plaintiff requested of PROCARE a reasonable accommodation due to her disability and PROCARE knew, or had reason to know that (a) Plaintiff has a disability; and (b) Plaintiff was experiencing workplace problems because of the disability.

26. PROCARE could have made a reasonable accommodation that would have enabled Plaintiff to continue to perform the essential functions of the job by purchasing for her the necessary light blockers or simply moving her to the empty cubicles that didn't have overhead lights.

27. The requested accommodation was reasonable and did not impose an undue hardship on the operation of PROCARE's business. PROCARE failed to provide this accommodation and unreasonably failed to provide any other accommodation.

28. Plaintiff's disability was a motivating factor for PROCARE's disparate treatment of PLAINTIFF and for its unlawful employment practices.

29. DEFENDANTS' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

30. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II

## RETALIATION

**Americans with Disabilities Act (42 U.S.C. §§12112 – 12117)**

**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**

**NV Rev. Stat. § 613.330 *et seq*.**

**(PROCARE AND DOES 1-50, inclusive.)**

31. Plaintiff hereby incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Plaintiff sought legal assistance from her personal injury attorney when PROCARE wasn't providing Plaintiff with a reasonable accommodation for her migraine headaches.

33. Plaintiff's attorney contacted PROCARE to discuss accommodations.

34. Immediately after Plaintiff's attorney contacted PROCARE she was terminated for enlisting the advice and seeking legal representation regarding her disability.

35. DEFENDANTS' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

36. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

## TITLE VII - DISCRIMINATION

## (RACE AND NATIONAL ORIGIN)

**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**

**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**

**NV Rev. Stat. § 613.330 *et seq*.**

**(PROCARE AND DOES 1-50, inclusive.)**

37. Plaintiff hereby incorporates paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. During the course of Plaintiff's employment with PROCARE, PROCARE, by and through its agents and employees, discriminated against Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

39. PROCARE's unlawful discrimination against Plaintiff included treating Plaintiff differently based on her race and/or national origin related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits.

40. Specifically, the disparate treatment included PROCARE promoting only Hispanic employees and discriminating against Plaintiff because of her race and national origin.

41. Plaintiff would not have been terminated in retaliation for seeking legal advice and counsel if she was Hispanic.

42. As a proximate result of PROCARE's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As

a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

43. PROCARE, through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of PROCARE and their Human Resources Department as described above thereby ratifying the unlawful conduct of its supervisors and Human Resources Department.

44. DEFENDANTS' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

45. Plaintiff requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Tatiana Jose, prays that this Court grant the following relief:

A. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;

B. Compensatory Damages in accordance with 42 U.S.C. §12117, 42 U.S.C. §1983, and other applicable statutes;

C. Reasonable attorneys' fees pursuant to 42 U.S.C. §12205 and other applicable statutes;

D. Punitive Damages;

E. Costs of suit incurred herein; and

F. Such other and further relief as the court deems just and proper

DATED this 6th day of May, 2019.         WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: _____
Daniel R. Watkins
Eran S. Forster
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Attorneys for Plaintiff, Tatiana Jose

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff demands a trial by jury in this action on all issues so triable.

DATED this 6th day of May, 2019.		WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: _____
Daniel R. Watkins
Eran S. Forster
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Attorneys for Plaintiff, Tatiana Jose